IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00296-RM-MJW

LAURENCE NILES,

Plaintiff(s),

v.

WILLIAM RODMAN, M.D.; and
ASPEN VALLEY HOSPITAL DISTRICT d/b/a ASPEN VALLEY HOSPITAL,

Defendant(s).

---

## MINUTE ORDER

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that Defendant William Rodman, M.D.'s Motion to Conduct *Ex Parte* Meetings With Certain of Plaintiff's Health Care Providers (Docket No. 25), which is joined by defendant Aspen Valley Hospital District (Docket No. 27), is **granted**, substantially for the reasons stated in the subject motion (Docket No. 25) and the Reply (Docket No. 32).

Defendants seek to have *ex parte* meetings with "[a]ll doctors, nurses, health care providers, and staff who treated Plaintiff at St. Mary's Hospital in Grand Junction, CO from February 23, 2013 through March 7, 2013, including but not limited to all witnesses listed in 'Plaintiff's Initial FED.R.CIV.P. [sic] 26(a)(1) Disclosures' . . . [and] all health care providers from Aspen Valley Hospital [who] were also caring solely for the closed heard injury alleged in this case." (Docket No. 25 at 4).

Colorado's physician-patient privilege is set forth at § 13-90-107(1)(d), C.R.S., and the statute provides several exceptions to the privilege, one of which occurs when a medical professional is working in consultation with other providers, § 13-90-107(1)(d)(II), C.R.S.  This court, however, need not analyze whether the providers with whom defendants seek to have *ex parte* meetings fall within the "in consultation with" exception to the privilege because this court finds that there has been an implied waiver of the privilege here.  A plaintiff "impliedly waives the physician-patient privilege with respect to matters known to the physician that are relevant in determining the cause and extent of injuries which form the basis for a claim for relief."  Samms v. District Court, 908 P.2d 520, 525 (Colo. 1995).  However, "such plaintiff does not impliedly waive the physician-patient privilege with respect to all his . . . personal medical

2

matters." Id. "When an individual waives [his] physician/patient privilege by interjecting a medical condition into litigation, [he] does so as to a certain category of information, rather than as to a category of provider." Carter v. Loucks, 2013 WL 328959, at *2 (D. Colo. Jan. 29, 2013).

Here, plaintiff claims in his Complaint that on February 17, 2013, he sustained "a severe closed head injury with loss of consciousness and other traumatic injuries, including multiple rib fractures, as a result of a collision while skiing." (Compl., Docket No. 1 at 3, ¶ 14). He was first treated for such injuries by providers at defendant Aspen Valley Hospital, including by defendant Dr. Rodman, who allegedly assumed responsibility for plaintiff's care and treatment on February 20, 2013. (Compl., Docket No. 1 at 3-6). While at that hospital, plaintiff claims he sustained a severe brain injury as a result of a brain hemorrhage and was thus transferred to St. Mary's Hospital & Medical Center on February 23, 2013, where he received care for his injuries until his discharge on March 7, 2013. (Compl., Docket No. 1 at 6, ¶ 35).

Based upon the claims asserted in this litigation, this court finds that the physician-patient privilege was waived with respect to the information known to the providers who treated plaintiff at these two hospitals following the accident. Plaintiff was admitted to both hospitals for acute care for the brain injury, and there has been no showing that his care and treatment during these admissions were for any conditions not relevant to this suit. Furthermore, there has been no showing that these providers possess any residually-privileged information, and the circumstances of plaintiff's treatment at these two hospitals indicate that there is a low, if any, risk that such information will be divulged through an *ex parte* interview. Plaintiff merely makes a conclusory claim in his response that most of the providers with whom defendants seek to hold *ex parte* interviews likely possess plaintiff's residually-privileged information (see Docket No. 31 at 10-11), but such a conclusory claim is insufficient to deny the subject motion.

Allowing the requested *ex parte* interviews may eliminate the need for some formal discovery, which aids a "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.

Defendants shall thus be permitted to conduct *ex parte* meetings with "[a]ll doctors, nurses, health care providers, and staff who treated Plaintiff at St. Mary's Hospital in Grand Junction, CO from February 23, 2013 through March 7, 2013, including but not limited to all witnesses listed in 'Plaintiff's Initial FED,R,CIV,P, [sic] 26(a)(1) Disclosures' . . . [and] all health care providers from Aspen Valley Hospital [who] were also caring solely for the closed heard injury alleged in this case."

Date: May 22, 2015