IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00296-RM-MJW

LAURENCE NILES,

    Plaintiff,

v.

WILLIAM RODMAN, M.D. and
ASPEN VALLEY HOSPITAL DISTRICT d/b/a
ASPEN VALLEY HOSPITAL,

    Defendants.

## ORDER REGARDING:

## [1] DEFENDANT WILLIAM RODMAN, M.D.'S MOTION TO COMPEL DISCOVERY RESPONSES (DOCKET NO. 34)

## [2] PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT ASPEN VALLEY HOSPITAL AND REQUEST FOR EXPEDITED BRIEFING AND RULING (DOCKET NO. 36)

## AND

## [3] DEFENDANT WILLIAM RODMAN, M.D.'S FED. R. CIV. P. 26(C) MOTION FOR PROTECTIVE ORDER (DOCKET NO. 40).

**Entered by United States Magistrate Judge Michael J. Watanabe**

    This matter was before the court on August 17, 2015, for hearing on:

[1] Defendant William Rodman, M.D.'s Motion to Compel Discovery Responses (docket

no. 34); [2] Plaintiff's Motion to Compel Discovery Responses from Defendant Aspen

Valley Hospital and Request for Expedited Briefing and Ruling (docket no. 36); and [3]

Defendant William Rodman, M.D.'s Fed. R. Civ. P. 26(c) Motion for Protective Order

2

(docket no. 40). The court has reviewed the subject motions (docket nos. 34, 36, and 40), the responses (docket nos. 43, 44, and 45), and the reply (docket no. 46). Further, the court has considered the Plaintiff's Supplemental Brief Regarding Document Provided by the [Colorado Department of Public Health] CDPHE in Response to a Public Records Request (docket no. 48). In addition, the court has considered oral argument on the subject motions and has taken judicial notice of the court's file. The court has also considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have diversity jurisdiction over the subject matter and over the parties to this lawsuit pursuant to 28 U.S.C. § 1332 given the amount in controversy and since Plaintiff is a citizen of California, and the Defendants are citizens of Colorado or corporations incorporated under the laws of the state of Colorado with their principal places of business in Colorado;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. **That subject motion (docket no. 34)**, seeks a order from this court compelling Plaintiff to provide responses to Defendant

        Rodman's Interrogatories 5, 17, and 18 and Requests for Production 6 and 11;

5. That Plaintiff has objected to Defendant Rodman's Interrogatories 5, 17, and 18 and Requests for Production 6 and 11.  Plaintiff argues that the pre-injury medical records production for Plaintiff for 10 years prior to February 2013 is excessive, overly burdensome, not relevant, and the time frame to disclose pre-injury medical records should be for only five (5) years prior to February 17, 2013, instead of 10 years;

6. That Plaintiff has impliedly waived his physician- patient privilege only with respect to that portion of his medical history which pertains to the cause and extent of the injuries and damages sustained as a result of the Defendant's claimed negligence.  See Weil v. Dillon Cos., Inc., 109 P.3d 127, 131 (Colo. 2005);

7. That an eight (8)-year time frame for Plaintiff's pre-injury medical records from February 17, 2013, is a reasonable time frame based upon the facts and circumstances of this case, noting the injuries and damages sought by Plaintiff in this lawsuit.  See paragraph 5 Computation of Damages in Scheduling Order (docket no. 30) and the Complaint (docket no. 1).  Therefore, Plaintiff's objections to Interrogatories 5, 17, and 18 and Requests for Production 6 and 11 are sustained, *in part*, as to a reasonable time frame but denied in all other respects;

8. That as to the Medicare information that Defendant Rodman is requesting in Interrogatories 17 and 18 and Request for Production of Documents 11, such information is discoverable and must be disclosed to Defendant Rodman at some point in the litigation. Plaintiff argues that under <u>Seger v. Tank Connection, LLC</u>, 2010 WL 1665253 (N.D. Neb. Apr. 22, 2010) [a Nebraska case which is non-binding on this court], the Plaintiff should not have to disclose his Medicare information at this stage of the litigation but instead is not required to disclose such information until "after the claim is resolved through a settlement, judgment, award of other payment (regardless of whether or not there is a determination or admission of liability)." <u>See</u> 42 U.S.C. § 1395y(b)(8)(C).

**Fed. R. Civ. P. 1 states:**

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

**D.C.COLO.LCivR 16.6 Alternative Dispute Resolution states**:

> (**a) Alternative Dispute Resolution**. Under 28 U.S.C. § 652, all litigants in civil actions shall consider the use of alternative dispute resolution process. A district judge or a

5

>> magistrate judge exercising consent jurisdiction may direct the parties to engage in an early neutral evaluation or other alternative dispute resolution proceeding. To facilitate settlement or resolution of the suit, the district judge or a magistrate judge exercising consent jurisdiction may stay the action in whole or in part during a time certain or until further order. Relief from an order under this rule may be had upon motion showing good cause.

That "[t]he purposes of pretrial discovery include **the elimination of surprise at trial, the discovery of relevant evidence, the simplification of the issues, and the promotion of expeditious settlement of cases.**" Hawkins v. Dist. Court, 638 P.2d 1372, 1375 (Colo. 1982) (emphasis added). "In order to accomplish these purposes, the discovery rules are construed liberally." Bond v. District Court, 682 P.2d 33, 40 (Colo. 1984);

That in considering Rule 1, D.C.COLO.LCivR 16.6(a), 28 U.S.C. § 652, the Civil Justice Reform Act, and Rule 26, collectively, I find that discovery of the Medicare information, at the discovery stage of this litigation, should be permitted because it is relevant and is consistent with the mandates of Rule 1 [*i.e., such information may lead to a just, speedy, and inexpensive determination of this action*

6

*since Defendant Rodman cannot assess damages fully and completely without such information*], D.C.COLO.LCivR 16.6(a), 28 U.S.C. § 652, the Civil Justice Reform Act, and Rule 26, noting that the law favors settlement.  Therefore, Plaintiff's objections as to Interrogatories 17 and 18 and Request for Production of Documents 11 are overruled.  Plaintiff shall provide to Defendant Rodman full and complete responses to Interrogatories 17 and 18 and Request for Production 11.  Such responses to Interrogatories 17 and 18 and Request for Production 11 can be protected through a Protective Order under Rule 26(c) and D.C.COLO.LCivR 7.2;

9. **That subject motion (docket no. 36)** seeks an Order from this court compelling Defendant Aspen Valley Hospital [hereinafter "AVH"] to provide to Plaintiff full and complete responses to Plaintiff's Interrogatories 1 and 2, Request for Production 1 through 5, inclusive, and Request for Admissions 1 through 4, inclusive.  As to this motion (docket no. 36) there are disputed issues which pertain to these discovery requests. Those disputed issues are: (1) whether a patient with types of injuries presented by Plaintiff should be transferred out of AVH to a higher level of care hospital and (2) whether AVH and its Trauma Director, Defendant Rodman, had a pattern of failing to timely transfer severely injured patients at AVH to a Level 1 Trauma Center Hospital that could provide a higher level of care to the patients;

7

10. That as to Plaintiff's Interrogatories 1 and 2, AVH's objections as outlined in Plaintiff's exhibit 1 (docket no. 36-1) attached to the subject motion (docket no. 36) are overruled;

11. That as to Plaintiff's Request for Productions 1, 2, and 5, AVH's objections as stated in Plaintiff exhibit 1 (docket no. 36-1) are sustained **only as to** the need to redact proprietary patient information consistent with HIPAA; the remainder of such objections are overruled;

12. That AVH has fully responded to Request for Production 3 and 4, and no further response is required by AVH to Request for Production 3 and 4;

13. That as to Request for Admissions 1, 2, 3, and 4, AVH has fully responded to each of these Request for Admissions, and no further responses are required to Request for Admissions 1, 2, 3, and 4;

14. **That subject motion (docket no. 40)** seeks an Order from this court prohibiting Plaintiff from discovering any information or documentation related to Defendant Rodman's leave of absence or termination from AVH.  In particular, Defendant Rodman seeks a Protective Order from the Court preventing Plaintiff from receiving responses to Plaintiff's Interrogatory 2 and Request for Production 9 which state:

    2. State the dates and reasons for Dr. Rodman's leave

8

of absence from Aspen Valley Hospital. [Interrogatory].

9. Please produce any an all documents relating to or pertaining to William Rodman, M.D.'s leave of absence from Aspen Valley Hospital from 2014 through 2015. [Request for Production];

15. That Defendant Rodman objects to Plaintiff's Interrogatory 2 and Request for Production 9, arguing that such Interrogatory and Request for Production are not reasonably calculated towards the discovery of admissible evidence, are overly vague since they do not define "leave of absence," call for speculation, invade Defendant Rodman's privacy interests, and are not discoverable absent an appropriate showing by the Plaintiff, citing Corbetta v. Albertson's, Inc., 975 P.2d 718, 720-21 (Colo. 1999), Spacecon Speciality Contractors, LLC v. Bensinger, 2010 WL 3927783 (D. Colo. Oct. 1, 2010). Defendant further argues that Plaintiff never requested information relating to Defendant Rodman's allegedly being "terminated" by AVH at any time. Defendant Rodman's objections are overruled;

16. That the decision to issue a protective order rests within the sound discretion of the trial court. Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990). In addition, Fed R. Civ. P. 26(c) confers broad discretion on the trial court to decide when a protective order is

9

appropriate and what degree of protection is required. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (U.S. 1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."); Centurion Indus., Inc. v. Warren Steurer & Assocs., 665 F.2d 323, 325 (10th Cir. 1981); A Major Difference, Inc. v. Wellspring Products, LLC, 243 F.R.D. 415, 416 (D. Colo. 2006). Furthermore, D.C.COLO.LCivR 7.2 works in harmony with Rule 26(c) since the court, under Rule 7.2, has discretion to order Restricted Access at either Level 1, 2, or 3 as necessary in a given case to protect the competing interests of the parties;

17. That under the so-called *Alcon* test [Alcon v. Spicer, 113 P.3d 735 (Colo. 2005)], and further stated in Stone v. State Farm Mut. Auto. Ins.. Co., 185 P.3d 150, 155 (Colo. 2008), the Colorado Supreme Court stated that courts are required to balance the concepts of "compelling need and least intrusive alternative" and mandates that this inquiry be considered in light of the particular circumstances of each case. In applying the *Alcon* test, the *Stone* court noted that "[t]he burden lies with the party seeking discovery to show relevancy and to demonstrate a compelling need for the specific information contained within the requested documents. In

      responding to the discovery requests, the party opposing discovery can point to other available sources from which the information can be readily obtained." Id.;

18. That the Colorado Supreme Court has now created a new test which incorporates both the Martinelli v. District Court, 612 P.2d 1083 (Colo. 1980), and *Stone* tests, when discovery requests implicate the right to privacy. In re District Court, City and County of Denver, 09CV7235, 256 P.3d 687, 691 (Colo. 2011).  Under this new test, "[t]he party requesting the information must always first prove that the information requested is relevant to the subject of the action.  Next, the party opposing the discovery request must show it has a legitimate expectation that the requested materials or information is confidential and will not be disclosed.  If the trial court determines that there is a legitimate expectation of privacy in the materials or information, the requesting party must prove either that disclosure is required to serve a compelling state interest or that there is a compelling need for the information.  If the requesting party is successful in providing one of these two elements, it must then also show that the information is not available from other sources.  Lastly, if the information is available from other sources, the requesting party must prove that it is using the least intrusive means to obtain the information." Id. at 691-92;

19. That the [Colorado Department of Public Health] CDPHE maintains

11

an "Open Records Act Policy." See docket no. 48 attached exhibit 4 for a copy of the Policy. The Policy states, in pertinent part:

> Review of Responsive Records. Prior to releasing any information pursuant to a request for records, the responding division shall review the records requested to determine if any exemptions or privileges justifying withholding the document apply, confirming any withholding of responsive records with either the Office of Legal and Regulatory Compliance or an attorney from the Office of the Attorney General;

20. That AVH's argument that the CDPHE document in dispute in this case is completely privileged under § 25-3.5-704, C.R.S., as part of a "quality improvement system" is without merit. Per the CDPHE's own cover letter, the CDPHE specifically redacted or did not produce privileged information "related to the performance improvement process." See exhibit 4 attached to docket no. 48. Here, the CDPHE reviewed the materials requested by Plaintiff prior to production and did not produce privileged materials;

21. That the Trauma Registry Databases and the Trauma Application submitted by Defendant AVH to the CDPHE are not privileged. Section 25-3.5-704, C.R.S., states, *in pertinent part*, "Any data maintained in the registry that identifies patients or physicians shall be strictly confidential and shall not be admissible in any civil or

criminal proceeding." Thus, not all data in the Trauma Registry Databases and the Trauma Application is privileged but only that articulated in § 25-3.5-704, C.R.S., listed above. Redaction of this limited information cited above would be necessary before the remainder of the Trauma Registry Databases and the Trauma Application submitted by Defendant AVH to the CDPHE should be disclosed to Plaintiff; and

22. That Plaintiff has demonstrated that the information being sought to be protected by Defendant Rodman is relevant to the disputed issues in this case. Defendant Rodman has shown a legitimate expectation of privacy in the information in dispute. Plaintiff has further demonstrated a compelling need for such disputed information, the information is not available from other sources, and obtaining the disputed information from Defendant Rodman is the least intrusive means to obtain such information. Ths Court further incorporates by reference those additional reasons as articulated in Plaintiff's Response (docket no. 44) and Plaintiff's Supplemental Brief (docket no. 48) as a grounds for denying the Protective Order requested by Defendant Rodman in docket no. 40.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS:**

13

1. That Defendant William Rodman, M.D.'s Motion to Compel Discovery Responses **(docket no. 34)** is **GRANTED**. Plaintiff shall provide to Defendant Rodman full responses to Interrogatory 5 and Request for Production 6 which deal with Plaintiff's pre-injury medical records from February 17, 2005, through February 17, 2013, inclusive, along with any privilege log in accordance with Fed. R. Civ. P. 26(b)(5) on or before October 2, 2015. That as to Interrogatories 17 and 18 and Request for Production of Documents 11, the Plaintiff shall provide to Defendant Rodman full and complete responses to Interrogatories 17 and 18 and Request for Production of Documents 11, on or before October 2, 2015. Each party shall pay their own attorney fees and costs for this motion since this court finds under the facts of circumstances of this case an award of expenses would be unjust;

2. That Plaintiff's Motion to Compel Discovery Responses from Defendant Aspen Valley Hospital and Request for Expedited Briefing and Ruling **(docket no. 36)** is **GRANTED IN PART AND DENIED IN PART**. The subject motion (docket no. 36) is GRANTED as to Plaintiff's Interrogatories 1 and 2 and Plaintiff's Request for Productions 1, 2, and 5 as follows. AVH shall provide to Plaintiff full and complete responses to Plaintiff's Request for Productions 1, 2, and 5 with appropriate redaction of proprietary

14

patient information consistent with HIPAA on or before October 2, 2015. Defendant AVH shall provide to Plaintiff full and complete responses to Plaintiff's Interrgatories 1 and 2 on or before October 2, 2015.  The remainder of the relief sought in the subject motion (docket no. 36) is DENIED. Each party shall pay their own attorney fees and costs for this motion since this court finds under the facts of circumstances of this case an award of expenses would be unjust;

3. That Defendant William Rodman, M.D.'s Fed. R. Civ. P. 26(c) Motion for Protective Order **(docket no. 40)** is **DENIED**.  Each party shall pay their own attorney fees and costs for this motion since this court finds under the facts of circumstances of this case an award of expenses would be unjust; and

4. That all information that has been ordered disclosed by this court in this Order concerning all three motions (docket nos. 34, 36, and 40) shall be used for the limited purpose of this case only and for no other purpose pursuant to Fed. R. Civ. P. 26(c).

Done this 10th day of September 2015.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE