IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00296-RM-MJW

LAURENCE NILES,

      Plaintiff,

v.

WILLIAM RODMAN,

      Defendant.

---

**ORDER REGARDING:**

**[1] DEFENDANT WILLIAM RODMAN, M.D.'S MOTION FOR SANCTIONS DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THIS COURT'S ORDER REGARDING DISCOVERY (DOCKET NO. 58);**

**[2] DEFENDANT WILLIAM RODMAN, M.D.'S  MOTION TO COMPEL UN-REDACTED MEDICAL BILLS AND MEDICAL RECORDS (DOCKET NO. 59);**

**[3] PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' DESIGNATION OF NON-PARTY TORTFEASOR (DOCKET NO. 66);**

**[4] PLAINTIFF'S MOTION TO STRIKE THE "DEPOSITION CORRECTION SHEET" OF WILLIAM RODMAN, M.D. (DOCKET NO. 68);**

**[5] PLAINTIFF'S MOTION FOR PROTECTIVE ORDER DIRECTING DEFENDANTS' COUNSEL TO FOLLOW LOCAL RULE 30.3 AND CEASE MAKING EXCESSIVE SPEAKING OBJECTIONS AND COACHING WITNESSES DURING ORAL DEPOSITIONS (DOCKET NO. 70);**

**AND**

**[6] DEFENDANT WILLIAM RODMAN, M.D.'S SUPPLEMENT TO MOTION TO COMPEL UNREDACTED BILLS (DOCKET NO. 92)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter was before the court on January 5, 2016, for hearing on: **[1]**

2

Defendant William Rodman, M.D.'s Motion for Sanctions due to Plaintiff's Failure to Comply with this Court's Order Regarding Discovery (docket no. 58); **[2]** Defendant William Rodman, M.D.'s Motion to Compel Un-Redacted Medical Bills and Medical Records (docket no. 59); **[3]** Plaintiff's Motion to Strike Defendants' Designation of Non-Party Tortfeasor (docket no. 66); **[4]** Plaintiff's Motion to Strike the "Deposition Correction Sheet" of William Rodman, M.D. (docket no. 68) ; **[5]** Plaintiff's Motion for Protective Order Directing Defendants' Counsel to Follow Local Rule 30.3 and Cease Making Excessive Speaking Objections and Coaching Witnesses During Oral Depositions (docket no. 70); and **[6]** Defendant William Rodman, M.D.'s Supplement to Motion to Compel Unredacted Bills (docket no. 92).  The court has reviewed the subject motions (docket nos. 58, 59, 66, 68, 70, & 92), the responses (docket nos. 63, 64, 78, 79, 83, & 84), the replies (docket nos. 76, 72, 80, 82, & 86), and Plaintiff's Second Supplemental Status Report Regarding Records and Films of Certain California Based Providers of Plaintiff Laurence Niles (docket no. 91).  In addition, the court has considered oral argument on the subject motions and has taken judicial notice of the court's file.  The court has also considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.      That I have diversity jurisdiction over the subject matter and over the parties to this lawsuit pursuant to 28 U.S.C. § 1332 since Plaintiff is a citizen of California and the Defendant is a citizen of

3

Colorado;

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity to
be heard;

4.      **That in the subject motion (docket no. 58)**, Defendant Rodman
seeks sanctions against Plaintiff for not responding fully and
completely to Defendant Rodman's Request for Production No. 6
and Interrogatory No. 5.  In support of this motion, Defendant
Rodman argues that Plaintiff has failed to comply with this Court's
Order dated September 10, 2015 (docket no. 54).  This Order
(docket no. 54) directed Plaintiff to respond fully to Defendant
Rodman's Request for Production No. 6 and Interrogatory No. 5 by
October 2, 2015.  Accordingly, Defendant Rodman requests that
attorney fees and costs be awarded to him pursuant to Fed. R. Civ.
P. 37 and that this court Order Plaintiff to produce un-redacted
medical records and medical bills, or sign authorizations for
Defendant Rodman to obtain a complete medical history from
Plaintiff, dating back to February 17, 2005;

5.      That Plaintiff has objected to Defendant Rodman's Request for
Production No. 6 and Interrogatory 5.  Plaintiff argues that he has
complied with this Court's Order (docket no. 54) by providing
supplemental responses to both Defendant Rodman's Request for
Production No. 6 and Interrogatory 5, and Plaintiff has further now

4

served subpoenas upon Plaintiff's California health care providers as outlined in Plaintiff's Response (docket no. 63).  Moreover, Plaintiff argues that Defendant Rodman has not been specific as to what Defendant Rodman claims are missing from Plaintiff's medical records;

6.    That during this hearing, Defendant Rodman's counsel did articulate on the record ***with more specificity*** what portions of Plaintiff's medical records were deficient.  Further, Defendant Rodman filed on January 4, 2016, a motion captioned "William Rodman, M.D.'s Supplement to Motion to Compel Unredacted Bills (docket no. 92) which included an affidavit from Defendant Rodman's retained rebuttal expert Robert S. Schwartz, M.D., who is a physician retained to give an expert opinion on behalf of Defendant Rodman on Plaintiff's estimated life expectancy to rebut Plaintiff's experts Helen Woodard and James McNulty, Ph.D.  In a nutshell, Dr. Schwartz stated, in his affidavit, that he cannot adequately evaluate Plaintiff's medical status and history to complete his analysis of estimated life expectancy as a result of the massive redactions in Plaintiff's medical records that were produced to Defendant Rodman by Plaintiff.  In essence, these massive redactions have hampered the ability for Dr. Schwartz to do his analysis and provide an expert opinion on the life expectancy of Plaintiff.  In response to Dr. Schwartz's affidavit, Plaintiff argues that

he offered to give Defendant Rodman written medical releases for his medical records and to allow Defendant Rodman himself to try and obtain such medical records directly from the California medical providers as outlined above with the understanding that if Defendant Rodman was able to secure such medical records, that Plaintiff would first be allowed to review such medical records in order to determine if any portion of such medical records should be redacted relying upon the *Alcon* case cited below;

7.    That in order for this Court to determine whether or not any portions of the already received **redacted** medical records of Plaintiff by Defendant Rodman and any future **redacted** supplemental medical records of Plaintiff should be turned over to Defendant Rodman in discovery, this Court or a Special Master will need to conduct an ***in camera*** review of both the unredacted and redacted medical records for Plaintiff, noting there is a complete disagreement between the parties as to whether such portions of Plaintiff's medical records are discoverable;

That Plaintiff has impliedly waived his physician- patient privilege only with respect to that portion of his medical history which pertains to "the cause and extent of the injuries and damages sustained as a result of the Defendant's claimed negligence." *Weil v. Dillon Cos., Inc.*, 109 P.3rd 127, 131 (Colo. 2005);

6

That the purposes of pretrial discovery include the elimination of surprise at trial, the discovery of relevant evidence, the simplification of the issues, and the promotion of expeditious settlement of cases.  *Hawkins v. District Court*, 638 P.2d 1372, 1375 (Colo. 1982).  In order to accomplish these purposes, the discovery rules are construed liberally.  *Bond v. District Court*, 682 P.2d 33, 40 (Colo. 1984);

That under the so-called *Alcon* test [*Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005)], and further stated in *Stone v. State Farm Mut. Auto. Ins.*, 185 P.3d 150, 155 (Colo. 2008), the Colorado Supreme Court stated that courts are required to balance the concepts of "compelling need and least intrusive alternative" and mandates that this inquiry be considered in light of the particular circumstances of each case.  In applying the *Alcon* test, the *Stone* court noted that "[t]he burden lies with the party seeking discovery to show relevancy and to demonstrate a compelling need for the specific information contained within the requested documents.  In responding to the discovery requests, the party opposing discovery can point to other available sources from which the information can be readily obtained."  *Id.* at 159;

That the Colorado Supreme Court has now created a new test

7

which incorporates both the *Martinelli v. District Court*, 612 P.2d 1083 (Colo. 1980), and *Stone* tests, when discovery requests implicate the right to privacy.  Under this new test: [t]he party requesting the information must always first prove that the information requested is relevant to the subject of the action.  Next, the party opposing the discovery request must show that it has a legitimate expectation that the requested materials or information is confidential and will not be disclosed.  If the trial court determines that there is a legitimate expectation of privacy in the materials or information, the requesting party must prove either that disclosure is required to serve a compelling state interest or that there is a compelling need for the information.  If the requesting party is successful in providing one of these two elements, it must then also show that the information is not available from other sources.  Lastly, if the information is available from other sources, the requesting party must prove that it is using the least intrusive means to obtain the information."  *In re District Court, City and County of Denver*, 256 P.3d 687,  691-92 (Colo. 2011);

That in considering the case law cited above; Rule 1; D.C.COLO.LCivR 16.6(a); 28 U.S.C. § 652; the Civil Justice Reform Act; and Rule 26, collectively, I find that it is necessary, in the interest of justice, for this court to appoint a **Special Master** under

8

Fed. R.Civ. P. 53 and D.C.COLO.LCivR 72.1(b)(10) to review such disputed redacted and future supplemental redacted medical records of the Plaintiff, *in camera*, and determine which portions of any of these redacted medical records provided in the past or will be provided in the future should be turned over to Defendant Rodman in discovery;

8.    **That in the subject motion (docket no. 59)**, Defendant Rodman seeks an Order from this court compelling Plaintiff to provide Un-Redacted Medical Bills and Medical Records from Plaintiff from February 17, 2005, to the present in response to Defendant Rodman's Request for Production No. 2.  For essentially the same reasons stated above in paragraph 7, a **Special Master** should be appointed;

9.    **That subject motion (docket no. 66)** should be **DENIED** for the following reasons.  Defendant Rodman has properly designated a non-party under §13-21-111.5(3)(b), C.R.S.  The non–party is described and designated as an "unidentified male skier wearing a blue jacket and blue hat."  Non-parties need not have been engaged in the same kind of tortious conduct as the defendant in order to be properly designated. *Moody v. A.G. Edwards & Sons, Inc.*, 847 P.2d 215, 217 (Colo. App. 1992).  Generally, a person or entity designated under § 13-21-111.5, C.R.S., must have owed a duty recognized by law to the injured party. *Miller v. Byrne*, 916

9

P.2d 566, 578 (Colo. App. 1995).  Here, the designated non-party

["unidentified male skier wearing a blue jacket and blue hat"] had a

statutory duty he owed to Plaintiff under the Colorado Ski Act;

Furthermore, I find that the case of *Everson v. City of Colorado*

*Springs,* 2006 WL 5347917 (2006), is more on point to the factual

situation presented in this case.  I further find that Plaintiff's reliance

on the *Spence v. Aspen Skiing Company*, 820 F. Supp. 542 (D.

Colo. 1993), is misplaced under the facts of the case at bar.  The

*Spence* case dealt with the Plaintiff's own comparative/contributory

negligence rather than the negligence of a designated non-party

tortfeasor.  Under the factual situation presented in this case, the

jury should decide the portion of Plaintiff's injuries and damages

that were caused by the designated non-party tortfeasor

["unidentified male skier wearing a blue jacket and blue hat"] and

the portion of the damages that were caused by the alleged

negligence of Defendant Rodman;

10. **That subject motion (docket no. 68)** should be **GRANTED** for the

following reasons.  Fed. R. Civ. P. 30(e) provides:

(e) **Review by the Witness; Changes**.

(1) **Review; Statement of Changes**.  On request by the

deponent or a party before the deposition is

completed, the deponent must be allowed 30 days

after being notified by the officer that the transcript or

recording is available in which:

(A)     to review the transcript or recording; and

(B)     if there are changes in form or substance, to

sign a statement listing the changes and the

reasons for making them.

(2)     **Changes Indicated in the Officer's Certificate**.  The

officer must note in the certificate prescribed by Rule

30(f)(1) whether a review was requested and, if so,

must attach any changes the deponent makes during

the 30-day period;

11.     That *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th

Cir. 2002), is the controlling law as to subject motion (docket no.

68).  After careful review of Defendant Rodman's correction sheet to

his deposition, I find that Defendant Rodman has, *in essence*,

attempted to rewrite and materially change his deposition

testimony.  These changes as outlined in Defendant Rodman's

correction sheet are the types of changes that the *Burns* court said

should not be permitted.  *See Burns v. Board of Cty. Comm'rs*, 330

F.3d 1375, 1282 (10th Cir. 2003).  In *Burns*, the Tenth Circuit upheld

the district court's discretion to disregard a deposition errata sheet

as an attempt to rewrite portions of his deposition.  Here, Defendant

Rodman is a licensed medical doctor, and there is no indication of

11

confusion when Defendant Rodman answered questions during his
deposition.  In fact, Defendant Rodman's answers to questions
asked during his deposition were clear, concise, and responsive to
the questions by counsel.  In addition, there is no evidence to
suggest that Defendant Rodman's corrections, as outlined on his
correction sheet, were based upon newly discovered evidence.
Lastly, Defendant Rodman was cross examined at his deposition.
Based upon these findings and the case law, Defendant Rodman's
correction sheet to his deposition should be stricken **except for** the
typos as stated in the correction sheet;

12.    **That subject motion (docket no. 70)** should be **GRANTED** for the
following reasons;

13.    That Fed. R. Civ. P. 30(c)(2) provides:

(c)    **Examination and Cross-Examination; Record of the
Examination; Objections; Written Questions**.

. . .

(2)    **Objections.**  An objection at the time of the
examination--whether to evidence, to a party's
conduct, to the officer's qualification, to the manner of
taking the deposition, or to any other aspect of the
deposition--must be noted on the record, but the
examination still proceeds; the testimony is taken
subject to any objection.  An objection must be stated

12

concisely in a nonargumentative and nonsuggesstive

manner.  A person may instruct a deponent not to

answer only when necessary to preserve a privilege,

to enforce a limitation ordered by the court, or to

present a motion under Rule 30(d)(3);

14.   That D.C.COLO.LCivR 30.3 provides:

(a)   **Prohibited Conduct.**  In addition to the conduct prohibited

by Fed. R. Civ. P. 30(d)(3)(A), the following abusive

deposition conduct is prohibited.

(1)   making an objection or a statement that has the effect

of coaching the deponent, or suggesting an answer;

(2)   interrupting examination by counsel except to

determine whether to assert a privilege.

(b)   **Appointment of Master.**  A judicial officer may appoint a

master under Fed. R. Civ. P. 53 to regulate deposition

proceedings.

(c)   **Location of Deposition.**  If deposition abuse is anticipated,

a judicial officer may order that a deposition be taken at the

courthouse or master's office so that, at the request of any

party, deponent, or counsel, a dispute may be heard and

decided immediately by a judicial officer or master.

(d)   **Expenses, Costs, and Fees.**  When a judicial officer

determines that a party or counsel unreasonably has

13

interrupted, delayed, or prolonged a deposition, whether by

excessive questioning, objecting, or other conduct, that party

or its counsel, or both, may be ordered to pay each other

party's expenses, including without limitation, reasonably

necessary travel, lodging, reporter's fees, attorney fees, and

videotaping expenses, for that portion of the deposition

determined to be excessive.  In addition, that party or its

counsel, or both, may be required to pay all such costs and

expenses for any additional depositions or hearings made

necessary by its misconduct;

15.   That the decision to issue a protective order rests within the sound

discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th

Cir. 1990).  In addition, Fed R. Civ. P. 26(c) confers broad discretion

on the trial court to decide when a protective order is appropriate

and what degree of protection is required.  *Seattle Times Co. v.*

*Rhinehart*, 467 U.S. 20, 36 (U.S. 1984) ("The trial court is in the

best position to weigh fairly the competing needs and interests of

parties affected by discovery.  The unique character of the

discovery process requires that the trial court have substantial

latitude to fashion protective orders.").  Furthermore,

D.C.COLO.LCivR 7.2 works in harmony with Rule 26(c) since the

court, under Rule 7.2,  has discretion to order Restricted Access at

either Level 1, 2, or 3 as necessary in a given case to protect the

14

competing interests of the parties; and

16. That after careful review of portions of the depositions cited in the moving papers (docket nos. 70, 83, 84, and 86), I find that Defendant Rodman's counsel Mr. Childs and Defendant AVH's counsel Mr. Bradford have both violated Fed. R. Civ. P. 30(c)(2) and D.C.COLO.LCivR 30.3(a)(1) & (2). I further find that a protective order to prevent defense counsel from engaging in excessive speaking objections and witness coaching in future depositions in this case is warranted. Further, that a Special Master should be appointed pursuant to Fed. R. Civ. P. 53, D.C.COLO. LCivR 30.3(b), and D.C.COLO.LCivR 72.1(b)(10) to preside over the future depositions in this case. The Special Master should be authorized to make rulings on all objections that may be made during future depositions. The appointment for a Special Master to preside over and rule on objections made during such depositions and to conduct an *in camera* review of the disputed medical records cited above is justified, noting the number of discovery motions and hearings this court has had to conduct concerning this case. See record of proceedings (i.e., CM/ECF docket) for all motions filed as of the date of this Order concerning discovery.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS:**

15

1.    That Defendant William Rodman, M.D.'s Motion for Sanctions due to Plaintiff's Failure to Comply with this Court's Order Regarding Discovery (docket no. 58) **WILL BE HELD IN ABEYANCE** until after the Special Master's review of the Plaintiff's redacted medical records and underacted medical records, *in camera*, and upon receipt of a written report and recommendation by the Special Master as to the disclosure, if any, of Plaintiff's redacted medical records;

2.    That Defendant William Rodman, M.D.'s Motion to Compel Un-Redacted Medical Bills and Medical Records (docket no. 59) **WILL BE HELD IN ABEYANCE** until after the Special Master's review of the Plaintiff's redacted medical records and unredacted medical records, *in camera*, and upon receipt of a written report and recommendation by the Special Master as to the disclosure, if any, of Plaintiff's redacted medical records;

3.    That a Special Master is appointed pursuant to Fed. R. Civ. P. 53; D.C.COLO.LCivR 30(b); and D.C.COLO.LCivR  72.1(b)(10) in this case.

The Special Master shall conduct an ***in camera*** review of the Plaintiff's redacted and unredacted medical records, past and future, and provide this court with a written report(s) and recommendation(s) as to which portions, if any, of the redacted

medical records by the Plaintiff, past and future, should be turned

over to Defendant Rodman.  Plaintiff and Defendant Rodman shall

each pay fifty (50%) percent of the Special Master's fees and costs

for such work.

In addition, the Special Master will preside over all future

depositions and rule on all objections raised during such

depositions. Defendant Rodman shall pay all of the Special

Master's fees and costs for such work.

Once a Special Master is selected by this court, **a separate written

detailed order** will be issued by this court as to such appointment,

and such order will include a date certain when the Plaintiff's

redacted and underacted medical records shall be turned over to

the Special Master and also filed with the court under Restrict

Access Level 2 [i.e., the Special Master is an extension of the court

and therefore will have access to the Plaintiff's redacted and

unredacted medical records].  Plaintiff shall forthwith begin making

copies of the Plaintiff's redacted and unredacted medical records so

that once the Special Master is selected by this court, such records

can be delivered immediately to the Special Master and filed with

the court;

4.     That the parties shall **forthwith** meet, confer, and select a

17

candidate who is qualified, willing, and not conflicted pursuant to 28

U.S.C. § 455 to serve as a Special Master and provide the name of

such candidate to the court along with that candidate's address(es),

telephone number(s), e-mail address(es), and hourly rate **on or**

**before January 25, 2016.**   If the parties **cannot** agree upon a

candidate to serve as a Special Master, then the court will select a

candidate to serve in such capacity;

5.   That Plaintiff's Motion to Strike Defendants' Designation of Non-

Party Tortfeasor (docket no. 66) is **DENIED**;

6.   That Plaintiff's Motion to Strike the "Deposition Correction Sheet" of

William Rodman, M.D. (docket no 68) is **GRANTED** except for the

"typos" errors;

7.   That Plaintiff's Motion for Protective Order Directing Defendants'

Counsel to Follow Local Rule 30.3 and Cease Making Excessive

Speaking Objections and Coaching Witnesses During Oral

Depositions (docket no. 70) is **GRANTED,** and a Special Master will

preside over all future depositions and rule on all objections during

such depositions;

8.   That Defendant William Rodman, M.D.'s Supplement to Motion to

Compel Unredacted Bills (docket no. 92) is **GRANTED**.  The court

has considered docket no. 92 in my findings of fact and conclusions

of law listed above; and

9.   That each party shall pay their own attorney fees and costs for all of

18

these motions listed above since this court finds under the facts of

circumstances of this case an award of expenses would be unjust.

Done this 13th day of January 2016.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE